KNOLL, Judge.
Paul R. Segura obtained a judgment against Offshore Logistics, Inc. (hereafter Offshore), the employer of Segura, and Travelers Insurance Company (hereafter Travelers), the insurer of Offshore, granting him long-term disability benefits for personal injury he received, minus an offset of $15 per day for maintenance and cure benefits. Segura was also awarded penalties and attorney’s fees.
Segura appeals the offset awarded to Travelers, contending that maintenance and cure benefits are different from worker’s compensation or similar laws and, therefore, does not qualify as “other income benefits” as stipulated in Travelers’ insurance policy.
Travelers answered the appeal seeking a reversal of the award of penalties and attorney’s fees, urging that once it paid Seg-ura’s claim, there was no further need for counsel’s services, and if an award is granted, it should be limited to the time period before payment of the claim.
FACTS
Paul R. Segura, while in the course of his employment at Offshore, injured his back picking up on a power take off unit. In September 1985, Segura underwent a lami-nectomy and a fusion. His progress subsequently deteriorated, and in October 1986, Segura underwent a refusion.
Segura filed a claim for maintenance and cure benefits, which he received at a rate of $15 per day.
At the time of the injury there was in effect a disability benefits policy provided by Travelers. Segura tried to file a claim for short-term and long-term disability benefits pursuant to this policy, but was told by Mr. Carol Dugas, a former employee of Offshore, that short-term and long-term disability benefits were not recoverable for on-the-job injuries. Segura thereafter made repeated demands for a claim form, but to no avail. It was only after suit was filed that Segura received a claim form. Eventually he received retroactive benefits. Corrections were made, and Segura now receives $545 per month for long-term disability benefits from Travelers, and approximately $450 per month for maintenance and cure.
We have carefully examined the record and find that the trial court was not manifestly wrong in its determination of facts relative to these issues. The learned trial court favored us with sound written reasons for judgment which we are happy to adopt as the opinion of this court, with the exception of casting the employer with penalties and attorney’s fees. Under LSA-R.S. 22:657, only the health and accident insurer, Travelers, can be cast with penalties and attorney’s fees. Accordingly, we will amend the judgment to delete the employer, Offshore, from penalties and attorney’s fees.
OTHER INCOME BENEFITS
“Since the date of his injury, the plaintiff has been receiving maintenance payments from Offshore Logistics in the amount of $15 per day. After Travelers began paying its benefits to the plaintiff, they ... took an offset for the maintenance payments being made to the plaintiff, claiming that their group policy entitles them to this [offset]. At Page 21 of the policy there is a clause which reads ...:
‘[This plan guarantees you a specified percentage of your monthly salary. If you or your family members receive disability income from other sources, the disability benefit will be reduced accordingly.
Other sources include:
* Another group disability income plan;
* Any Worker’s Compensation law, occupational disease law or similar law;
* Compulsory benefit acts or laws;
* Social Security disability benefits;
* Any automobile reparations for loss of income provided without regard to fault.]’ [Emphasis added.]
[Segura] argues that Travelers Insurance Company should not take this $15 *42 per day deduction from the benefits that are due ... under the group insurance policy. They argue that the maintenance and cure that the plaintiff is receiving is under the General Maritime Law, and is different from any worker’s compensation or similar law. This Court does not agree with that contention_ [Whether it is the Jones Act ..., General Maritime Law ..., Worker’s Compensation Act, or the Federal Employees Liability Act, the benefits due to an injured laborer or seaman are certainly ‘other income benefits’ as used in the setoff language. In order to conclude otherwise, it would be necessary to write out of the policy the words ‘other income benefits’ and ‘any worker’s compensation or similar law’ from the policy. This cannot be done, therefore, the setoffs are proper.”
PENALTIES AND ATTORNEY’S FEES
“The defendant, Travelers Insurance Company, argues that under the Supreme Court case of Killebrew vs. Abbott Laboratories, 359 So.2d 1275 (1978), an employer is not an insurer subject to the provisions of the insurance code, and therefore an employer is not liable for penalties and attorney’s fees for its alleged arbitrary and capricious failure to pay benefits under a disability plan. And, of course, that is good law. But what we have here is the case of an employer who is acting as the agent for the Travelers Insurance Company, who through ignorance or sloth would not even give the plaintiff a claims form to file seeking benefits under the group insurance policy, and in fact, gave the incorrect information on several occasions and through several employees that the plaintiff was not entitled to benefits under the group policy because his injuries occurred on-the-job and not off-the-job. It is true that subsequently, after the lawsuit was filed, and after several demands were made, they made up the benefits that were due, nevertheless, they certainly would not have done a thing had it not been through the efforts of the attorneys in making the necessary notices and bringing the lawsuit. This Court holds that the decision of the Third Circuit Court of Appeal in the case of Richard vs. American Federation of Unions Local 102, et al, 378 So.2d 564 (1979) is applicable to the findings of this case in that herein the employer Offshore Logistics acted in all cases as the agent of Travelers Insurance Company. They solicited the insurance for Travelers, they collected the premiums for Travelers, they forwarded any claims to Travelers, and the only thing they did not do was to investigate the claims nor pay the benefits for Travelers.... This Court finds that the plaintiff was thwarted in its [sic] efforts to make a claim, that it [sic] made several demands, that all of these demands were summarily rejected by the agent for Travelers Insurance Company without cause; therefore, the provisions of R.S. 22:657 come into play and the plaintiff is entitled to the penalties and attorney’s fees provided for therein.”
For the foregoing reasons, the judgment of the trial court is amended to delete Offshore Logistics, Inc. from penalties and attorney’s fees; in all other respects the judgment is affirmed. Costs of this appeal are assessed one-half to Paul Segura and one-half to Travelers Insurance Company.
AFFIRMED AS AMENDED.