BYRNES, Judge.
The Riverside Court Condominiums, Phase II (Riverside) appeals a judgment by the First City Court, exempting from garnishment the disability payments made by Hibernia National Bank (Hibernia) to Madeline Maurice. We affirm.
Plaintiff secured a money judgment against Madeline Maurice in the Twenty-Fourth Judicial District Court for the Parish of Jefferson on February 2, 1989, and the judgment was made executory in the First City Court of New Orleans. Plaintiff requested a writ of fieri facias and asked that a garnishment issue to Hibernia National Bank, which had employed Madeline Maurice prior to 1987 when she suffered a disabling illness.
Hibernia answered the garnishment interrogatories, stating that Madeline Maurice’s wages were paid for long-term disability at the rate of 25 percent by Hibernia and 50 percent by Pacific Mutual Insurance Company (Pacific Mutual), amounting to a payment of $505.75 per month by Hibernia and $925.00 per month by Pacific Mutual. Hibernia also indicated that Madeline Maurice had a checking and savings account with Hibernia.
On October 23, 1989, plaintiff filed a rule to determine the status and non-exempt portion of funds paid by the judgment-debtor, Madeline Maurice. Additionally, the plaintiff requested an order directing payment of funds held by the garnishee. The First City Court exempted Hibernia’s disability payments from garnishment.
On appeal, Riverside contends that the trial court erred in exempting Hibernia’s payments to Madeline Maurice and finding that Hibernia is an insurer in that it provides an employee benefit trust.
*153 Plaintiff argues that all property of the debtor is subject to seizure unless specifically exempt by statute. Wages paid during long-term disability are not exempt from seizure under LSA-R.S. 13:3881 or LSA-R.S. 20:33(2). Subsection (1) of LSA-R.S. 20:33 exempts pension plans, annuity policies or plans, Individual Retirement Accounts, Keogh Plans, Simplified Employee Plans and all other plans qualified under Sections 401 and 408 of the Internal Revenue Code. These exemptions do not include the Hibernia payments. Hibernia payments are not gratuitous and are not exempt from garnishment under LSA-R.S. 20:33(2). In Killebrew v. Abbott Laboratories, 359 So.2d 1275 (1978), the Louisiana Supreme Court declined to find that the employer was an insurer because the employer was not engaged in the business of making contracts of insurance and did not offer a program primarily for profit. Nor did the employer solicit business from the general public as doing business as a commercial insurer. The Louisiana Supreme Court recognized the general rule that attorney fees are not allowed except when authorized by statute or contract. Because the employer was not an insurer, it was not subject to the insurance code and the claimant could not recover attorney’s fees as authorized under LSA-R.S. 22:657 for the employer’s arbitrary and capricious failure to pay claims. Subsequently, Killebrew was superseded by statute or rule as stated in Nelson v. Continental Cas. Co., 412 So.2d 701 (La.2d Cir.1982), writ denied, 413 So.2d 507 (La.1982). The Killebrew case was decided prior to the 1978 amendment of LSA-R.S. 22:5(1) and (2), which added employee benefit trusts to the definition of insurance.
Louisiana R.S. 22:646 provides:
The proceeds or avails of all contracts of health and accident insurance and of provisions providing benefits on account of the insured’s disability which are supplemental to life insurance or annuity contracts heretofore or hereafter effected shall be exempt from all liability for any debt of the insured, and from any debt of the beneficiary existing at the time the proceeds are made available for his use. (Emphasis added.)
Louisiana R.S. 22:5(1) states:
“Insurance” is a contract whereby one undertakes to indemnify another or pay a specified amount upon determinable contingencies. It shall include any trust, plan or agreement, popularly known as employee benefit trusts, not specifically exempted from state regulation under Public Law 93-406, except collectively bargained union welfare plans, single employer plans or plans of the state or political subdivisons. (Emphasis added.)
In Nelson, supra, the appellate court noted that the Killebrew employer was not engaged in the business of making contracts of insurance but that it provided, through a trust, a long-term disability plan for its employees. The amended statute applied to the State as an employer providing a self-funded medical benefit program for its employees. Similarly, in the present ease, Hibernia provided, through a trust, a long-term self-funded medical benefit disability plan for its employees. In Segura v. Travelers Ins. Co., 535 So.2d 40 (La.App. 3rd Cir.1988), the appellate court found that although the employer was not an insurer, the employer acted as an agent of Travelers Insurance Company, soliciting insurance, collecting premiums for Travelers, and forwarding claims to Travelers. Therefore, the court awarded plaintiff penalties and attorney fees because the employer acted as an insurance agent and was subject to the insurance code.
The Hibernia policy manual introduced into the record at the hearing on the rule to determine the status of the funds, provides long-term disability payments requiring the employee to submit to medical examinations from time to time as proof of continuing disability: “Such an examination will be performed by a physician designated by the insurance carrier.” According to the Flexible Security Plan Handbook, Section C, Disability Benefits, a long-term disability is “... an illness or injury that prevents you from working at your job and lasts longer than five months.” The plan defines “total disability” as follows:
*154 You must be under the regular care and attendance of a licensed physician and completely unable to perform the material duties of your regular job. (P. C-4)
The total disability plan provides for two options of “coverage” replacing either 50 percent or 75 percent of the fulltime employee’s predisability salary. Basic 50 percent coverage is effective automatically on an employee’s first day of work. The full-time employee is eligible to choose additional coverage at the beginning of the calendar quarter after two months of service. (P. C-7.) On P. 09, the plan explains the costs of coverage as follows:
THE COST OF YOUR COVERAGE ...
... depends on the option you select. The cost of your LTD coverage depends on whether you select Option 1 or Option 2. Hibernia pays the full cost of Option 1, 50 percent of your base pay. If you choose the option that replaces more of your base pay, you will use flexible dollars to pay the cost of the additional 25 percent in coverage.
Your cost for extra LTD coverage is based on your pay level. The exact cost, or pricetag, of this option is shown in the personal report you receive at the time your elections are made. For annual enrollments, pricetags are based on your pay as of October 1. For a new employee, the pricetags are based on your pay as of your hire date.
You pay for the additional coverage you select with the flexible dollars that are available to you under Flex Plan. These dollars come from Hibernia, from converting part of your pay, or from vacation selling.
Basic coverage is fully insured through an insurance company. The optional additional layer of LTD protection is self-insured by Hibernia. The insurance company approves final decisions of all claims.
Just as 50 percent basic coverage is fully insured through an insurance company, Hibernia provides insurance coverage for the additional 25 percent optional layer for which the employee pays consideration. That plan provides for medical examinations by a physician designated by the insurance carrier. Because the plan is set up in conjunction with coverage by an independent insurer, it can only be characterized as an insurance plan. Hibernia has provided a contract of insurance “whereby one undertakes to indemnify another or pay a specified amount under determinable contingencies.” LSA-R.S. 22:5(1). As such, the Hibernia policy is included in the definition of “any trusts, plan or agreement popularly known as employee benefit trusts” under LSA-R.S. 22:5(1). The trial court properly ruled that Hibernia is an insurer and the supplemental benefits are exempt from garnishment under LSA-R.S. 22:646.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.