594 So.2d 1345 (1991)
Alvin SANDERS, Plaintiff-Appellee,
v.
The HOME INDEMNITY INSURANCE COMPANY, Defendant-Appellant.
No. 90-616.
Court of Appeal of Louisiana, Third Circuit.
December 18, 1991.
On Rehearing March 13, 1992.
Writ Denied May 15, 1992.
*1347 Morrow, Morrow, Ryan & Bassett, James P. Ryan, James S. Gates, Opelousas, for plaintiff-appellee.
Allen & Gooch, Raymond C. Jackson III, Lafayette, for defendant-appellant.
Before DOMENGEAUX, C.J., and GUIDRY and KING, JJ.
KING, Judge.
The issues presented in this appeal are whether there is subject matter jurisdiction over the action; whether there is coverage under a Voluntary Compensation and Employers Liability Coverage Endorsement of an insurance policy; whether plaintiff is temporarily and totally disabled; whether there should be an offset for Social Security benefits received by plaintiff; and, whether plaintiff is entitled to recover statutory penalties and attorney's fees.
Alvin Raymond Sanders (hereinafter plaintiff) filed a petition for accident and health benefits against Home Indemnity Insurance Company (hereinafter defendant) seeking benefits under an insurance policy issued by defendant to plaintiffs' former employer for injuries sustained in an employment related accident. Eric James Dugas, who worked for the same employer as plaintiff and who was also injured in a different employment related accident, filed a similar suit. These two suits were consolidated in the trial court and remain consolidated on appeal. Since both cases involve the same issues and applicable law, our opinion herein will be applicable but we will issue a separate judgment in the case of Dugas v. The Home Indemnity Insurance Company, 594 So.2d 1353 (La.App. 3 Cir.1991). Defendant filed an answer in both suits denying that plaintiffs were covered under its insurance policy or that any benefits were payable under the policy. Defendant then filed motions for summary judgment in each case. Plaintiffs then each filed cross motions for summary judgment on the issue of coverage. At the hearing on the motions for summary judgment, the trial judge denied defendant's motions and granted plaintiffs' motions on the issue of coverage. After a trial to determine the benefits payable, the trial judge found that Eric James Dugas was temporarily and totally disabled from the *1348 date of injury to November 19, 1986, and that Alvin Raymond Sanders was temporarily totally disabled from date of injury and thereafter as long as he remained disabled. The trial court ordered defendant to pay benefits, medical expenses, statutory penalties, and attorney's fees to both plaintiffs. A formal written judgment was signed in each suit. Defendant suspensively appeals the judgment in both suits. After the appeals were lodged in both consolidated suits, defendant filed in this Court an exception of lack of subject matter jurisdiction. We overrule the exception and affirm.

FACTS
Alvin Sanders was employed by C.R.C. Mallard (hereinafter Mallard) as a driller on an inland barge in the Sabine River at the time of his accident. Sanders worked eight days on and four days off. On June 18, 1986, Sanders was raising a hand slip in an attempt to help other workers remove a bridge plug from a hole on the derrick when an accident occurred and he sustained a lower back injury. The night of the accident, Sanders was treated at Lake Charles Memorial Hospital where x-rays were taken and a shot for pain was administered. Sanders continued to have lower back pain and was sent by Mallard to Dr. James McDaniel on September 5, 1986. On September 23, 1986, Dr. McDaniel performed surgery on Sanders and removed a disc at L4-L5 in his back. Subsequently, another surgery was performed, on January 17, 1989, at which time Dr. McDaniel fused Sanders' last three vertebrae together. Dr. McDaniel stated that in the future Sanders would be able to return to a moderate type of work when the fusion had stabilized. After the accident, Sanders received $300.00 in weekly benefits from Mallard until approximately one month after his first surgery. At that time, Mallard went bankrupt. Sanders has since then only received Social Security benefits of $841.00 per month for himself, $145.00 per month for his wife, and $145.00 per month for each of his two children.
Eric James Dugas was also employed by Mallard as a roughneck on an inland barge in the Sabine River. His work schedule was seven days on and seven days off. On June 20, 1986, Dugas twisted and injured his knee while backing pipe. Dugas was taken to a hospital in Port Arthur, Texas where x-rays were taken, the knee treated with ice packs, and medication was administered. Later, Dugas underwent two surgeries for a torn cartilage in the knee. After the second surgery, Dugas underwent physical therapy. Dugas was released by the doctor on November 19, 1986. Dugas received weekly benefits of $205.00 from Mallard for approximately six months, until Mallard went bankrupt. The medical expenses for Dugas' first surgery were paid but the medical expenses for his second surgery remain unpaid.
On November 16, 1987, both plaintiffs filed Petitions For Accident And Health Benefits against defendant. Defendant had issued an insurance policy under which Mallard was an insured and which provided voluntary compensation benefits to Mallard employees, if no other benefits were available, for work-related accidents. Defendant answered denying all liability to plaintiffs. Defendant then filed a Motion for Summary Judgment in each suit claiming there was no coverage. Plaintiffs then each filed a cross Motion for Summary Judgment on the issue of coverage under the insurance policy issued by defendant. A hearing was held on the motions. The trial judge granted plaintiffs' motions on the issue of coverage and denied defendant's motions. The trial judge found that plaintiffs were seamen and, since their employer was bankrupt and they had decided to forego seeking their Admiralty benefits, that they were entitled to and could seek coverage and benefits under the insurance policy issued by defendant. The insurance policy issued by defendant had an endorsement covering Mallard employees who were not covered by worker's compensation or similar benefits. In his written reasons for judgment, rendered on March 21, 1989, the trial judge stated that "... the admiralty benefits in reality, are tort benefits and not worker's compensation benefits: ..." and found that coverage *1349 was not excluded under the policy because of plaintiffs' right to claim Admiralty benefits. A written judgment was signed in each suit on April 7, 1989.
On August 10, 1989, a trial was held to determine the benefits payable to plaintiffs under the terms of the policy. Both sides stipulated that Dugas was temporarily totally disabled from June 20, 1986 to November 19, 1986. In his reasons for judgment the trial judge found from the testimony of Dr. McDaniel that Sanders was temporarily totally disabled from June 18, 1986 through the time of trial and thereafter as long as he remained disabled. The trial judge also found that coverage was clear and should have been apparent to defendant and assessed penalties and attorney's fees against defendant. A written judgment was signed on January 10, 1990 ordering defendant to pay Sanders temporary and total disability benefits from June 18, 1986 during Sanders' disability, in the amount of $254.00 per week, medical expenses in the amount of $27,567.40, a 12% statutory penalty on all amounts due and owing, and attorney's fees in the amount of $7,500.00. A written judgment was also signed on January 10, 1990 ordering defendant to pay Dugas temporary total disability benefits from June 20, 1986 through November 19, 1986 at the rate of $254.00 per week, medical expenses in the amount of $7,302.54, statutory penalties in the amount of 12% on all amounts due and owing, and attorney's fees of $5,000.00. It is from each of these judgments that defendant timely suspensively appeals.
Defendant urges seven assignments of error on appeal, which are:
(1) The District Court had no jurisdiction over these claims;
(2) The trial court erred in finding that the plaintiffs were entitled to coverage under the voluntary compensation and employers liability coverage endorsement;
(3) The trial court erred in finding Alvin Sanders temporarily and totally disabled and entitled to benefits from the date of the accident through the date of trial and continuing into the future during Sanders' period of disability;
(4) The trial court erred in finding that Alvin Sanders is entitled to medical expenses totaling $27,567.40, statutory penalties, and attorney's fees in the amount of $7,500.00;
(5) The trial court erred in finding Eric James Dugas entitled to recover statutory penalties, and attorney's fees in the amount of $5,000.00;
(6) The trial court erred in not finding that defendant was entitled to an offset for the Social Security benefits received by Alvin Sanders; and
(7) The trial court erred in awarding excessive attorney's fees.

SUBJECT MATTER JURISDICTION
For the first time and in the appellate court, defendant raises the issue that the State District Court lacked subject matter jurisdiction in these cases. Under La.C.C.P. Art. 925, the defense of lack of subject matter jurisdiction is not waived once a general appearance has been made. Therefore, this exception has been timely raised. Piper v. Olinde Hardware & Supply Company, Inc., 288 So.2d 626 (La. 1974).
Defendant claims that, since it has been established that plaintiffs are seamen, their remedies are exclusively Federal and the State District Court has no subject matter jurisdiction.
28 U.S.C.A. § 1333(1) provides:
"The [Federal] district courts shall have original jurisdiction, exclusive of the courts of the States, of:
(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."
By virtue of the "saving to suitors" clause an admiralty matter may also be brought in state court, thereby giving state courts concurrent jurisdiction with federal courts over admiralty cases. Metropolitan Dade County v. One (1) Bronze Cannon, 537 F.Supp. 923 (S.D.Fla.1982); Casey v. Palmer Johnson Incorporated, 506 F.Supp. 1361 (E.D.Wis.1981).
*1350 Defendant cites Bearden v. Leon C. Breaux Towing Company, Inc., 365 So.2d 1192 (La.App. 3 Cir.1978), writ den., 366 So.2d 915 (La.1979) as support for its contention that plaintiffs' remedy is exclusively federal. Bearden is only authority that a seaman has no cause of action under the Louisiana Worker's Compensation Act. We do not find that Bearden, supra holds that a seaman can not bring an action to which he is otherwise entitled.
In this case, plaintiffs, although seamen, are suing for benefits under an insurance policy. They are not suing for benefits, as seamen, under the Louisiana Worker's Compensation Act. For these reasons, we find that the State District Court had subject matter jurisdiction over these claims to determine whether plaintiffs are entitled to coverage and benefits under the insurance policy issued by defendant.
The defendant's exception to subject matter jurisdiction is overruled.

COVERAGE
Defendant argues on appeal that plaintiffs are not covered under the Voluntary Compensation and Employers Liability Endorsement of its insurance policy. Defendant relies on the following exclusion found in the endorsement:
"C. Exclusions
This insurance does not cover:
1. Any obligation imposed by a worker's compensation or occupational disease law, or any similar law."
Defendant argues on appeal that the trial court erred in granting plaintiffs' motion for partial summary judgment in which plaintiffs were found to be entitled to coverage and benefits under the defendant's policy of insurance insuring plaintiffs' former employer, Mallard.
La.C.C.P. Art. 966 provides that either party in an action may seek a summary judgment in his favor for all or part of the relief for which he has prayed. La.C.C.P. Art. 968 provides that a summary judgment is a final judgment and shall be rendered and signed in the same manner and with the same effect as if a trial had been had upon evidence regularly adduced. La. C.C.P. Art. 1841 defines a final judgment as one that determines the merits in whole or in part.
Plaintiffs and defendant in each suit both moved for summary judgments to determine whether there was coverage of plaintiffs under defendant's policy. The trial court granted plaintiffs' motions, finding coverage, and denied defendant's motions, to find there was no coverage, in written reasons for judgment rendered on March 21, 1989. A formal written judgment was signed in each suit on April 7, 1989. Defendant now seeks to contest the issue of coverage by an appeal taken on February 7, 1990. A trial court determination, on a motion for partial summary judgment, finding a party entitled to coverage under the terms of an insurance policy constitutes a final, appealable judgment, and the lack of a timely appeal by an insurer from that judgment precludes the insurer from later appealing that coverage issue after the trial court's entry of judgment on other issues in the case. Fulton v. Blue Cross of Louisiana, 563 So.2d 492 (La.App. 4 Cir.1990), writ den., 567 So.2d 1129 (La.1990). Finding that no timely appeal was taken in each of these cases from the granting of the plaintiffs' motions for partial summary judgment, finding each of plaintiffs to be covered under the terms of defendant's insurance policy, defendant cannot now contest the issue of coverage.[1]

TEMPORARY TOTAL DISABILITY
Finding that there is coverage under the insurance policy issued by defendant, we now turn to the issue of whether the trial court erred in finding Alvin Raymond Sanders was temporarily totally disabled.
The medical evidence in the record makes it clear that Sanders will never be able to *1351 return to the heavy work he did before the accident.
Sanders' treating physician, Dr. McDaniel, testified that three months following Sanders' first surgery for removal of a disc, he felt Sanders "could return to doing again a light duty type of work status." Subsequently, Sanders underwent a second surgery to fuse his last three vertebrae together. Dr. McDaniel testified that Sanders, at the time of trial, had not yet fully recovered from the second surgery. Glenn Hebert, a rehabilitation specialist, testified that due to the fact Sanders has a high school education and certain skills he has learned in the oil industry that he will be able to do other jobs without performing heavy labor. Hebert stated that Sanders could find employment as a light janitorial worker, supply clerk, warehouse clerk, mail clerk, messenger, billing clerk, stock clerk, inventory clerk and a security guard. However, Glenn Hebert's testimony recognized that Sanders would not be able to seek employment until the fusion from the second surgery was completely healed and he was released by Dr. McDaniel to light duty work.
Considering the evidence in the record at the time of trial, we cannot say that the trial judge was manifestly in error or clearly wrong in finding that Sanders was temporarily totally disabled at time of trial and thereafter during his period of continued medical inability to work.

PENALTIES AND ATTORNEY'S FEES
La.R.S. 22:658 provides for the assessment of penalties and attorney's fees against an insurer for failure to pay policy benefits within sixty days after receipt of loss and demand for payment when the insurer's action in denying coverage under their policy of insurance is arbitrary, capricious and without probable cause.
The well settled law in Louisiana is that the insurance company runs the risk of misinterpreting its own policy. In Carney v. American Fire and Indemnity Company, 371 So.2d 815 (La.1979), the Louisiana Supreme Court said:
"An insurers' liability to pay penalties and attorney's fees is based on whether their action in denying coverage is arbitrary, capricious and without probable cause. LSA R.S. 22:658. An insurer must take the risk of misinterpreting its policy provisions. If it errs in interpreting its own insurance contract, such error will not be considered as a reasonable ground for delaying the payment of benefits, and it will not relieve the insurer of the payment of penalties and attorney's fees. Albert v. Cuna Mutual Insurance Society, 255 So.2d 170 (La.App. 3rd Cir. 1971), and cases cited therein.
In other words, insurers should not have their policy provisions interpreted at the expense of the insured, especially when they are charged with knowledge of their policy's intent." Carney v. American Fire and Indemnity Company, 371 So.2d 815, at page 819 (La.1979).
A trial judge's determination of whether the insurer was arbitrary, capricious, or without probable cause in denying benefits is a factual finding which will not be disturbed on appeal absent manifest error. Delco v. Heritage Manor Nursing Home, 441 So.2d 309 (La.App. 3 Cir.1983), writ den., 443 So.2d 1123 (La.1984).
Defendant claims that the trial court erred in finding it liable for penalties and attorney's fees because a coverage dispute existed. In his written reasons for judgment, the trial judge found that coverage was clear and should have been apparent to the defendant.
Fred Green, a claims adjuster for defendant, testified that he denied coverage because he believed plaintiffs were seamen covered by the Jones Act and subject to the policy exclusion that eliminated employees covered by worker's compensation or occupational disease law or any similar law. However, he admitted he had never read the Jones Act or compared it to the Louisiana Worker's Compensation Act before making this determination. From the evidence adduced at trial, we do not find that the trial judge was manifestly erroneous or clearly wrong in finding defendant liable for penalties and attorney's fees.
*1352 The amount awarded as attorney's fees is left largely to the discretion of the trial court. The factors which are generally considered in determining the amount of such an award include the degree of professional skill and ability exercised, the amount of the claim, and the amount recovered for the plaintiff, and the time devoted to the case. Each case is considered in light of its own facts and circumstances. In all instances, however, the amount awarded must be reasonable. Artigue v. Louisiana Farm Bureau Mutual Insurance Company, 339 So.2d 880 (La.App. 3 Cir.1976), writ den., 341 So.2d 1132 (La. 1977).
We have reviewed the record and find the attorney's fees awarded by the trial judge to be reasonable.
For the above reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed to defendant-appellant.
EXCEPTION DENIED AND AFFIRMED.
Before DOMENGEAUX, C.J., and GUIDRY and MARCANTEL,[*] JJ.

ON REHEARING
BERNARD N. MARCANTEL, Judge Pro Tem.
Defendant-appellant, The Home Indemnity Company, filed a motion for rehearing in this case. In our original opinion, we held that defendant did not appeal the trial court's judgment. In this regard, we erred. Defendant asked for a rehearing and filed a motion to supplement the record with its motion and Order of Appeal which had been filed timely by which was inadvertently left out of the record. We allowed defendant to supplement the record and granted a rehearing on January 29, 1992, on the issue of coverage under defendant's insurance policy only.

COVERAGE
Defendant claims that plaintiffs, Alvin Raymond Sanders and Eric James Dugas, are not covered under the Voluntary Compensation and Employer's Liability Endorsement of its insurance policy. Defendant relies on the following exclusion found in the endorsement:
"C. Exclusions
This insurance does not cover:
1. Any obligation imposed by a worker's compensation or occupational disease law, or any similar law."
Defendant claims that the Jones Act or General Maritime Law allowing a maintenance and cure claim and an unseaworthiness claim would qualify as "a worker's compensation or occupational disease law, or any similar law." A Jones Act claim is based on the negligence of the employer. 46 U.S.C.A.App. § 688. Worker's compensation laws apply regardless of the fault of the employer.
Maintenance and cure, while somewhat like worker's compensation, has little resemblance to worker's compensation laws. The right to maintenance and cure need not arise out of an injury while in the course and scope of employment. A seaman merely needs to show that he was in the service of his ship. Also, a seaman who receives maintenance and cure is still entitled to sue his employer for negligence under the Jones Act. An employee covered by worker's compensation may not sue his employer for negligence. Martin J. Norris, The Law of Seamen, § 26:40, at 103-105; Frank J. Maraist, Admiralty in a Nutshell, at 185 (1987). Maintenance and cure benefits are limited to medical expenses and a sum for living expenses, while worker's compensation benefits compensate an employee for his loss of wages and are also based on the disability that an employee has suffered.
In construing the language of an exclusionary clause in an insurance policy, we must look to the general rule that *1353 exclusionary clauses are to be narrowly construed against the insurer and in favor of coverage. La.C.C. art. 2056; Capital Bank & Trust Company v. Equitable Life Assurance Society of the United States, 542 So.2d 494 (La.1989), rehearing den., 542 So.2d 494 (La.1989). The ambiguity or contradiction which exists in the language of a contract must be construed against the party who prepared the contract. Kenner Industries, Inc. v. Sewell Plastics, Inc., 451 So.2d 557 (La.1984).
We find that the exclusionary language in this policy of insurance is ambiguous. And, for the above reasons, we also hold that the Jones Act and maintenance and cure claims are not similar to worker's compensation. Therefore, there was coverage for plaintiffs under defendant's policy of insurance.
In all other respects the decision previously rendered in this matter is affirmed.
GUIDRY, J., concurs and assigns written reasons.
GUIDRY, Judge, concurring.
I fully agree with the clear and concise opinion of the majority. I concur herein for the sole purpose of distinguishing the opinion of this court in Segura v. Travelers Insurance Company, 535 So.2d 40 (La. App. 3rd Cir.1988), in which decision I participated as a member of the panel.
In Segura, the injured employee obtained a judgment against Travelers Insurance Company, the insurer of Offshore Logistics, granting him disability benefits by Travelers was allowed an offset of $15.00 per day for maintenance and cure benefits under a clause in the Travelers policy which allowed the offset if the injured employee "received disability income from other sources ...". The exclusionary clause in the Home Indemnity policy is not so general as that contained in the Travelers policy but excludes insurance for injury only for an obligation imposed by a worker's compensation or occupational disease law or any similar law. I fully agree with the majority that our worker's compensation law is not similar to the general maritime law under which plaintiffs received maintenance and cure. Such payments, however, are without doubt "disability income from other sources" for which Travelers was allowed an offset in the Segura case. For these reasons, I respectfully concur.
NOTES
[1] As in Fulton, supra, we need not consider whether the grant of a partial summary judgment on the issue of coverage was appropriate, See Serpas v. Ridley, 556 So.2d 134 (La.App. 5 Cir.1990), since defendant did not timely appeal the trial court's grant of summary judgment.
[*] Judge Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.