JjGLENN B. GREMILLION, Judge.
The plaintiff, Jackson Jones, Jr., appeals the judgment of the workers’ compensation judge dismissing his claim with prejudice based on a lack of subject matter jurisdiction and, in the alternative, because his claim had prescribed. We affirm.
FACTS
Jones, an employee of Tidex/Tidewater Marine Company, filed a disputed claim for compensation on July 20, 1999, alleging that he suffered a work-related accident between October 1, 1978 and June 15, 1979, while loading/unloading freight off the MV “North Tide” at offshore rig locations. In addition to alleging workers’ compensation claims, Jones’ petition also alleged claims grounded in tort, employment law, and the Jones Act. Tidex denied responsibility for Jones’ disability and affirmatively alleged that the Office of Workers’ Compensation lacked jurisdiction to hear Jones’ claim because he was a Jones Act seaman and his claim had prescribed.
Following a hearing, the workers’ compensation judge dismissed Jones’ claim with prejudice finding that the Office of Workers’ Compensation lacked jurisdiction to hear his claim because he was a seaman and, alternatively, that his claim had prescribed. The workers’ compensation judge denied Jones’ motion to reopen his case. This appeal by Jones followed.
DISCUSSION
Jones, who appealed in proper person, has raised numerous errors committed by the workers’ compensation judge. However, after reviewing the record, |?we affirm for the following reasons.
La.R.S. 23:1037 provides the following with regard to vessels in interstate or foreign commerce:
This Chapter shall not apply to any employer acting as a common carrier while engaged in interstate or foreign commerce by a railroad, where the employee of such common carrier was injured or killed while so employed; but if the injury or death of an employee of a railroad occurs while the employer and employee are both engaged and employed at that time in an intrastate operation or movement not controlled or governed by the laws, rule of liability, or *543 method of compensation which has been or may be established by the Congress of the United States, then this Chapter shall govern and compensation shall be recovered hereunder; but nothing in this Chapter shall be construed to apply to any work done on, nor shall any compensation be payable to the master, officers or members of the crew of any vessel used in interstate or foreign commerce not registered or enrolled in the State of Louisiana.
(Emphasis added).
In Bearden v. Leon C. Breaux Towing Co., Inc., 365 So.2d 1192 (La.App. 3 Cir.1978), writ denied, 366 So.2d 915 (La.1979), this court held that a seaman has no cause of action under the Louisiana Workers’ Compensation Act. See also Higgins v. State, Through Dep’t of Transp. and Dev., 627 So.2d 217 (La.App. 4 Cir.1993), writ denied, 93-3113 (La.2/11/94); 634 So.2d 374; Sanders v. Home Indem. Ins. Co., 594 So.2d 1345 (La.App. 3 Cir.), writ denied, 598 So.2d 377 (La.1992). Both Jones’ disputed claim for compensation and an affidavit introduced into evidence allege that his accident occurred offshore. Accordingly, since Jones’ injury occurred while he was employed as a seaman on a vessel, he has no cause of action against Tidex for workers’ compensation benefits. Thus, we find no error in the workers’ compensation judge’s determination that he lacked subject matter jurisdiction to hear Jones’ claim. Accordingly, the judgment of the workers’ 13compensation judge is affirmed. Based on this finding, we see no need to address the prescription issue.
CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation judge is affirmed. The costs of this appeal are assessed to the plaintiff-appellant, Jackson Jones Jr.
AFFIRMED.