REGAN, Judge.
The plaintiff, Sentell Bush, filed this suit against the defendants, Garrard-Mil-ner Chevrolet, Inc., and the Insurance Company of North America, its workmen’s compensation insurer, endeavoring to recover the sum of $14,000.00 representing workmen’s compensation for total and permanent disability, resulting from a back injury, which he asserts was.incurred in the course and scope of his employment. He also requested the imposition of penalties and attorney’s fees predicated upon the arbitrary refusal to pay the aforesaid compensation.
The defendants answered and asserted therein that the plaintiff had been paid in full and denied liability for any additional compensation.
The lower court rendered judgment in favor of the plaintiff in the amount of $95.00 representing additional compensation for a period of two weeks and five days at the rate of $35.00 per week. The lower court also awarded $200.00 for expert fees, but refused to impose penalties and attorney’s fees upon the defendant. From this judgment, the plaintiff has prosecuted this appeal.
The defendants have answered the appeal and request the reversal of the lower court’s judgment. In the alternative, they request that the judgment be reduced from $95.00 to $55.00[1] for the reason that the trial judge inadvertently erred in computing the compensation which was due to the plaintiff.
The record reveals that on November 2, 1964, the plaintiff slipped and fell on his buttocks while moving a filing cabinet in the course of his employment as a porter for Garrard-Milner Chevrolet, Inc. On the same day the plaintiff was referred to Dr. Kenneth Nix, and subsequently was examined by Dr. R. E. Rogers. Each of these doctors diagnosed the plaintiff’s injury as a moderate muscle spasm of the lower back. On December 2, Dr. Rogers again examined the plaintiff, found no evidence of injury, and thereupon concluded that the plaintiff was able to resume his former occupation. However, the plaintiff still complained of pain and as a result thereof he was referred to Dr. Kenneth Saer, an orthopedic specialist, for examination. He examined the plaintiff on December 4, and found no spasm or any other evidence of back injury, and there *330 fore concluded that at the time of his examination the plaintiff was fully able to perform his former work without significant pain.
Following this examination, the plaintiff again visited Dr. Rogers on December 11, and he was advised to return to work the next day. However, when he returned to work, his job had already been filled by another person, and he was unable to resume his former occupation at Gar-rard-Milner Chevrolet, Inc.
Each of the litigants insist that the lower court’s finding that the plaintiff was entitled to compensation through December 11, 1964, was erroneous.
The plaintiff contends that disability continued until June 1, 1965; on the other hand, the defendants maintain that the evidence conclusively establishes the plaintiff’s ability to return to work on December 2, 1964.
The record convinces us that the plaintiff’s assertion that he was disabled until June 1, 1965, is clearly without merit. However, the record does reveal that while the doctors found no objective symptoms of injury on December 2, he was not advised to return to work until December 11. Moreover, he received physiotherapy treatment in Dr. Rogers’ office on December 9. The trial court possessed the advantage of hearing the evidence adduced herein, and he concluded therefrom that the defendant was entitled to compensation through December 11, 1964. We are unable to say that this conclusion is manifestly erroneous, and therefore this aspect of the trial court’s judgment is affirmed.
However, the defendants insist that even if the judgment of the trial court is correct in reasoning that the plaintiff is entitled to compensation through December 11, 1964, the judgment is nevertheless excessive since the defendants were not legally obligated to compensate him for the first week of his disability.
In support of this assertion, they rely upon the rationale emanating from R.S. 23 :1224, which provides that no compensation shall be paid for the first week of disability unless it shall exist for more than six weeks after the occurrence of the accident. Defendants point out that the period of the plaintiff’s disability from November 2, 1964, to December 11, 1964, amounts to five weeks and four days.
Our analysis of the facts inscribed in the record reveals that the defendant’s calculations are correct. Since the defendants paid $115.00 to the plaintiff on January 13, 1965, predicated on his disability through December 2, 1964, he is entitled to compensation for an additional one week and two days, or the sum of $45.00.
Finally, the plaintiff requests the imposition of statutory penalties and attorney’s fees on the hypothesis that the defendant insurance company acted arbitrarily and capriciously in refusing to pay the plaintiff compensation. The controlling statute with respect thereto is R.S. 22:658 which provides in part as follows:
“All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee, or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, * *
The evidence adduced herein reveals that no demand was made by either plaintiff or his attorney until November 20, 1964, when his counsel addressed a demand letter to Garrard-Milner. The plaintiff testified that he made no other demand or request for compensation from either of the defendants. His only contact with the In *331 surance Company of North America was a visit to the company’s offices for the purpose of making a statement. Compensation was never promised or denied on behalf of the insurance company.
Plaintiffs counsel argues that the mere fact that the company was aware of the plaintiff’s injury is sufficient notice to establish that their actions were arbitrary and capricious under the foregoing section of the Revised Statutes. It is true that the record is somewhat confused as to whether a preliminary report of plaintiff’s injuries by Dr. Nix was mailed to Gar-rard-Milner and then forwarded to the insurance company; however, the evidence preponderates to the effect that the company had no such notice of the plaintiff’s injuries.
Moreover, it is well settled that under R.S. 22:658 penalties and attorney’s fees are not forfeited by the insurance company unless it fails to pay arbitrarily and capriciously within sixty days from demand. The liability for arbitrary nonpayment is a creature of the legislature, and the provisions of the statute must be strictly adhered to before these penalties may be imposed. The rationale of the statute clearly reveals that the plaintiff must prove arbitrary nonpayment and arbitrary nonpayment for more than sixty days after demand.[2] In this case the attorney’s demand letter was mailed on November 20, 1964, and payment up to December 2, 1964, was made on January 13, 1965, which, of course, is less than sixty days from the date of demand. Under these circumstances, the plaintiff is not entitled to penalties and attorney’s fees for arbitrary nonpayment of compensation.
For the foregoing reasons, the judgment of the lower court is amended by reducing the amount awarded to the plaintiff from $95.00 to $45.00. In all other respects, the judgment of the lower court is affirmed.
The plaintiff is to pay all costs of this appeal. All other costs are to be paid by the defendants.
Amended in part and affirmed in part.

. Counsel points out that the proper amount should be $46.00. The remainder of the opinion is so written.

. Soulier v. Raymond, 177 So.2d 651 (La.App.1965); Stagg v. New Amsterdam Casualty Co., 166 So.2d 82 (La.App.1964).