386 So.2d 1072 (1980)
Sandy CARTER, Plaintiff-Appellant,
v.
AMERICAN MUTUAL LIABILITY INSURANCE COMPANY et al., Defendants-Appellees.
No. 7738.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1980.
*1073 Fuhrer & Flournoy, George A. Flournoy, Alexandria, for plaintiff-appellant.
Stafford, Stewart & Potter, Russell L. Potter, Alexandria, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
GUIDRY, Judge.
In this suit the trial court found plaintiff to be entitled to temporary total disability workmen's compensation payments for a period of eight (8) weeks. Her claim for penalties and attorney's fees was denied. Plaintiff has appealed and complains only of the trial court's refusal to award penalties and attorney's fees. Defendants have not appealed nor have they answered the appeal of plaintiff.
The facts are not disputed. On February 16, 1979, during the course and scope of her employment with the Harrisonburg Nursing Home (hereafter, Harrisonburg), plaintiff sustained a work related accidental injury diagnosed by her treating physician, Dr. William C. Coney, as an acute lumbosacral strain. The accident was promptly reported to the employer. Plaintiff was first seen by Dr. Coney on the date of injury and thereafter treated conservatively. She was next seen for examination and treatment on March 1, 1979. In his deposition Dr. Coney described the results of the March 1, 1979 examination as follows:

"My findings were that her previous complaint had completelythat there was complete resolution to my opinion of her previous complaints. She had no positive findings at that time. I thought she was doing quite well and at that time I released *1074 her to return to work the following Monday." (Dep. pgs. 6 and 7)

Plaintiff did not resume her work on March 5, 1979, the Monday following March 1st, and has not since worked for Harrisonburg
Defendant, American Mutual Liability Insurance Company (hereafter American), was the workmen's compensation insurer of plaintiff's employer on February 16, 1979.
By letters addressed to Harrisonburg, dated March 23, and March 27, 1979, plaintiff demanded payment of compensation benefits and reimbursement for medical and travel expenses. These letters together with the employer's first report of injury were forwarded to American and presumably received on or about April 30, 1979. On May 1, 1979, after receipt of the above, American contacted both the nursing home and Dr. Coney's office, and was advised by a nurse in Dr. Coney's office that plaintiff had been released to return to work as of March 1, 1980. On May 17, 1979 plaintiff filed the instant suit. On May 18, 1979, American received a medical report from Dr. Coney's office confirming that plaintiff had suffered a lumbosacral strain on February 16, 1979 but was "discharged as cured" on March 1, 1979 with the ability to resume her normal work. However, the space provided for on the form requesting the date on which normal work could be resumed was left blank. On the basis of the above American paid plaintiff workmen's compensation benefits for the period from February 23, 1979 through February 28, 1979.[1] Reimbursement of all medical and travel expenses was made to plaintiff on or about June 4, 1979, over sixty days following the demands of March 23 and 27, 1979.
On June 21, 1979, Dr. Coney signed a memorandum which reads in its entirety as follows:
"Re: Sandy Carter
The patient was in my office on 3/01/79, doing well. Released to return to work Monday."
This memorandum was forwarded to American. The record does not reflect the date when this memo was received by American however, it is made clear that it was received long prior to the trial of this matter which was held November 16, 1979. In addition to the above, the record reflects that, at the instance of American, Dr. Coney was deposed on October 10, 1979, and in response to questions concerning on what date he advised plaintiff to resume her normal work he consistently stated the Monday following March 1, 1979. March 1, 1979 was a Thursday with the following Monday being March 5, 1979.
On appeal plaintiff urges that the trial judge erred in failing to find that defendants were arbitrary and capricious in failing to pay medical and travel expenses within sixty days after receipt of satisfactory proofs of loss from the employee (LSA-R.S. 22:658); and, in failing to timely pay workmen's compensation benefits for the period of disability, about which there was no dispute.
We find no merit in the contention that defendants failure to timely pay plaintiff her medical and travel expenses was arbitrary, capricious, or without probable cause. Appellant sought recovery of travel expenses at the rate of $1.00 per mile. American considered such a travel expense to be excessive and unreasonable and requested verification of the expense from plaintiff's counsel which was never received. As to the medical expenses, although defendants received certain medical bills on March 27, 1979 for services allegedly rendered to plaintiff, defendants did not receive any medical report substantiating the bills until May 18, 1979. Shortly following receipt of this report, i. e., on June 4, 1979, all medical bills and the travel expenses *1075 were paid. Under such circumstances we conclude that the delay in payment of these expenses was not arbitrary or without probable cause.
Appellant's alternate claim, i. e., that defendants failure to timely pay total workmen's compensation benefits, for the period of disability about which there was no dispute was arbitrary, capricious and without probable cause, presents a more serious issue.
It is undisputed that after receipt of the initial medical report from Dr. Coney on May 18, 1979, American paid plaintiff workmen's compensation benefits for the period from February 23 to February 28, 1979 (6 days @ $11.05). This payment was made during the statutory delay. It is likewise undisputed that this was the only benefit payment made by American prior to trial.
In support of her alternate claim plaintiff-appellant urges that she was not released by her treating physician to return to her normal work until the Monday following March 1, 1979, and therefore she was clearly entitled to timely payment of compensation benefits for an additional four days beyond February 28, 1979, i. e., March 1 through March 4, 1979. Appellant asserts that the failure of defendants to pay these additional benefits was arbitrary and without probable cause.
In answer to this contention American urges that it was justified in making no further payments beyond February 28, 1979 because Dr. Coney's medical report clearly recited that plaintiff had been "discharged as cured" on March 1, 1979. Further, American urges that following receipt of such report the contents thereof were verified as correct in a telephone conversation had with one of Dr. Coney's employees.
We examine the opposing contentions of the parties, the record and the conclusion of the learned trial judge in light of the following legal principles which are well settled.
A trial court's conclusion with regard to the assessment of penalties and attorney's fees under LSA-R.S. 22:658 is partially a factual determination which should not be disturbed absent a finding that it is manifestly in error. Cullivan v. Fish Engineering and Construction Company Inc. et al., 354 So.2d 597 (La.App. 3rd Cir. 1977).
The penalty provisions of LSA-R.S. 22:658 are stricti juris and are imposed in only those instances where the facts show that the insurer's failure to timely pay insurance benefits is arbitrary, capricious, or without probable cause. Guillory v. Travelers Insurance Company, 294 So.2d 215 (La. 1974).
When an insurer's termination of compensation is based upon competent medical evidence, the action is not arbitrary and capricious. Levine v. Liberty Mutual Insurance Company, 305 So.2d 665 (La.App. 3rd Cir. 1974); Crawford v. Al Smith Plumbing & Heating Service, Inc., 352 So.2d 669 (La. 1977).
In determining the period for which benefits are due an injured claimant under the Workmen's Compensation Act there is a significant difference between the date when a physician discharges an injured claimant from active care and the date when the physician advises an injured claimant to return to work. Bush v. Insurance Company of North America, 185 So.2d 328 (La.App. 4th Cir.1966); Horn v. Vancouver Plywood Company et al., 322 So.2d 816 (La.App. 3rd Cir. 1975).
If, subsequent to an initial optimistic report, an insurer receives medical information showing disability at a subsequent date, the insurer may not blindly rely upon the earlier report and solely on its basis avoid penalties for arbitrary nonpayment of compensation benefits indisputably due a disabled workman. Walker v. Gaines P. Wilson & Son, Inc., 340 So.2d 985 (La.1976).
Our examination of this record in light of these settled principles prompts us to conclude that the defendants were arbitrary and acted without probable cause in failing to timely pay plaintiff the benefits indisputably due her for the period March 1, 1979 through March 4, 1979, and the trial court clearly erred when it failed to so hold.
*1076 Although defendants may have had some initial justification in terminating compensation benefits as of February 28, 1979, the record shows that long prior to the trial of this matter defendants were clearly informed of all relevant facts and specifically that the actual discharge of plaintiff for resumption of work was not until March 5, 1979.
The above being considered we conclude that plaintiff is entitled to an award of 12% penalties on the sum of $44.20[2] and reasonable attorney's fees for the prosecution and collection of such amount. Although the trial court, after hearing on the merits, concluded that plaintiff was entitled to workmen's compensation benefits for a total of eight weeks, we award penalties only for the four day period for which benefits were unquestionably due and which remained unpaid. Considering Dr. Coney's report of May 18, 1979 as supplemented by his memorandum of June 21, 1979, it cannot be said that American acted arbitrarily in failing to pay compensation benefits beyond March 4, 1979.
In connection with the award of attorney's fees we observe that although the amount of unpaid compensation against which penalties are assessed is small and was perhaps considered insignificant by American nonetheless plaintiff is entitled to an award of attorney's fees. See Dobbins v. Liberty Mutual Insurance Company, 280 So.2d 582 (La.App. 3rd Cir. 1973). Under the circumstances of this case we determine that an attorney's fee in the sum of $1250.00 is reasonable for services both at the trial level and on appeal.
For the above and foregoing reasons we reverse that portion of the trial court judgment which dismissed plaintiff's claims for penalties and attorney's fees and render judgment in favor of plaintiff, Sandy Carter, and against defendants, American Mutual Liability Insurance Company and Harrisonburg Nursing Home, in solido, for 12% penalties on the sum of $44.20 and $1250.00 in attorney's fees, with legal interest on such sums from date of judicial demand until paid. In all other respects the judgment appealed from is affirmed. All costs of this appeal shall be borne by appellees.
REVERSED IN PART; AFFIRMED IN PART; and, RENDERED.
DOMENGEAUX, J., concurs in the result.
NOTES
[1] There is no dispute as to plaintiff's rate of compensation or that at the time of initial payment by American she was not entitled to payment for the week beginning February 16, 1979 and ending February 22, 1979. LSA-R.S. 23:1224.

Additionally, although the record does not reflect the exact date on which this payment of compensation was made plaintiff concedes that it was received within sixty days of her first demand for payment.
[2] At trial the parties stipulated that the daily compensation due plaintiff was the sum of $11.05.