GUIDRY, Judge.
Plaintiff appeals the trial court’s judgment which denied her prayer for penalties and attorney’s fees sought from her uninsured/underinsured motorist (UM) carrier, Allstate Insurance Company (Allstate).
Plaintiff was injured in an automobile accident which occurred on June 9, 1982. Plaintiff based her claim for penalties and attorney’s fees on Allstate’s alleged failure to unconditionally tender a “good faith” amount of general damages which she claims were due her as a result of injuries she sustained in the accident. Plaintiff relies on La.R.S. 22:658 and its interpretation by the Louisiana Supreme Court in McDill v. Utica Mutual Insurance Company, 475 So.2d 1085 (La.1985).
La.R.S. 22:658, at the time in question, read in pertinent part as follows:
*880 “All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 [life; health and accident] shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious or without probable cause, shall subject the insurer to a penalty, in addition to the amount of loss, of 12% damages on the total amount of loss, payable to the insured, or to any said employee, together with all reasonable attorney’s fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount ...”
In McDill, supra, the Supreme Court stated:
“La.R.S. 22:658 has been held to apply to uninsured or underinsured motorist’s claims. Hart v. Allstate Insurance Company, 437 So.2d 823 (La.1983). A claimant for penalties and attorneys fees under the statute has the burden of proving that the insurer failed to pay the claim within 60 days after receiving ‘satisfactory proof of loss’ of the claim, and that the insurer was arbitrary or capricious in failing to pay. A ‘satisfactory proof of loss’ within the meaning of La. R.S. 22:658 is that which is sufficient to fully apprise the insurer of the insured’s claim. Hart v. Allstate Ins. Co., supra. To establish a ‘satisfactory proof of loss’ of an uninsured/underinsured motorist’s claim, the insured must establish that the insurer received sufficient facts which fully apprise the insurer that (1) the owner or operator of the other vehicle involved in the accident was uninsured or underinsured; (2) that he was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages. Hart v. Allstate Ins. Co., supra.”
Recognizing that insurance companies could use the fourth requirement of a “satisfactory proof of loss” to forestall payment to a claimant, the court expounded:
“If the insured has shown that he was not at fault, the other driver was uninsured/underinsured and that he was in fact damaged, the insurer cannot stonewall the insured because the insured is unable to prove the exact extent of his general damages. General damages by their very nature are subjective and incapable of exact computation. To accept the defendant’s position that no amount must be tendered unless the exact extent of general damages is proven renders the 4th element of the Hart test meaningless as it places an impossible burden on the plaintiff prior to going to trial. If the first three elements of the Hart test are satisfied and the insured has made a showing that the insurer will be liable for some general damages, the insurer must tender the reasonable amount which is due. This amount would be unconditionally tendered to the plaintiff not in settlement of the case, but to show their good faith in the matter and to comply with the duties imposed upon them under their contract of insurance with the insured. The amount that is due would be a figure over which reasonable minds could not differ.” (Emphasis ours).
McDill, supra, at 1091 and 1092.
In the case sub judice, plaintiff, Laura Jackson filed suit against Raymond P. Moore, the tortfeasor, his insurance carrier, Casualty Reciprocal Exchange (C.R.E.), and Allstate, her UM carrier. Before the case reached trial, C.R.E., on behalf of its insured and itself tendered the limits of Mr. Moore’s liability coverage, $10,000.00, to plaintiff. Further, plaintiff had already received $1,180.45 from Allstate for medical bills submitted in connection with the accident. The only issues remaining for determination at trial were plaintiff's claims for damages in excess of those amounts already tendered and her claim for penalties and attorney’s fees. By stipulation of counsel, it was agreed that Allstate would *881 admit liability and that the jury would be called upon to determine the total amount of plaintiffs damages, without reference to the $10,000.00 and $1,180.45 previously paid by C.R.E. and Allstate, and the trial judge would decide the arbitrariness issue, i.e., whether penalty and attorney’s fees were due.
At the close of the trial, the jury awarded plaintiff $12,500.00 in general damages, $532.00 in lost wages and $2,191.38 in medical expenses for a total award of $15,-223.38.
The trial judge, although concluding that the plaintiff had met the four elements necessary under the Hart test to establish a satisfactory proof of loss, refused to grant penalties and attorney’s fees finding that Allstate had made a good faith tender. In so concluding, the trial judge stated “... in McDill the defendant insurer made no tender to the plaintiff while in the instant case defendant paid $1,180.45 of plaintiff’s medical expenses”. We disagree with the trial court’s reasoning but find the result reached to be correct.
The payment by Allstate of the sum of $1,180.45 was not made under the UM provisions of its policy, rather this amount was due plaintiff under the medical payment provisions of the policy. Therefore, this latter sum which Allstate paid cannot be considered a “McDill” tender. However, under the particular facts of the case sub judice, we find no “satisfactory proof of loss” because of plaintiff’s inability to establish that the tortfeasor was underin-sured by an amount over which reasonable minds could not differ.
In McDill, the plaintiff suffered extensive injuries, incurred over $8,000.00 in medical expenses, and claimed substantial damages for loss of wages past and future in addition to general damages. In McDill, the insurer knew early on that there was only $10,000.00 of available underlying coverage and that plaintiff’s special damages had almost exhausted this coverage. The jury in that case ultimately awarded damages in the sum of $250,000.00. In contrast, plaintiff in this case suffered relatively minor injuries; had lost wages of only $532.00; and, medical expenses of $2,191.00. Prior to trial, she received the total sum of $11,080.45 or the sum of $8,357.45 over and above all of her special damages. As aforestated, the jury ultimately awarded plaintiff the sum of $15,-223.38 for all damages.
Plaintiff filed a motion for a new trial on the penalty/attorney fee issue pointing out, at the hearing on the motion, the trial judge’s error at the close of the trial and arguing that Allstate should have made a tender of some portion of the $4,000.00 difference between the jury verdict and the amount plaintiff had already collected.
In denying plaintiff’s motion, the trial judge stated:
“... I don’t think that ten thousand dollars $10,000.00) for this case — that anything beyond ten thousand dollars ($10,-000.00) is a figure over which reasonable minds could not disagree. There are tort cases that a jury could have come back with less than ten in this particular case. I can certainly envision that. I can’t say that that ten thousand dollars ($10,-000.00), nebulous though it may have been at the time, was a figure that was unreasonable.”
On appeal, plaintiff does not address the foregoing conclusion reached by the trial judge but focuses her attention on the $1,180.45 paid by Allstate in medical benefits and a $2,000.00 offer of settlement made by Allstate. While it is true that neither one of these actions would satisfy the requirements of McDill as an unconditional tender, we find, as did the trial judge on the hearing of the motion for a new trial, that there was no amount due plaintiff over and above that previously received over which reasonable minds could not differ and therefore, plaintiff is not entitled to penalties and attorney’s fees under La.R.S. 22:658.
For these reasons, the judgment appealed from is affirmed. All costs of this appeal are to be borne by appellant.
AFFIRMED.