634 So.2d 1384 (1994)
Margaret HAYES, Individually and on Behalf of Her Minor Child, Erica Hayes, and Louis Hayes, Individually and on Behalf of the Estates of His Minor Children, Keith Hayes, Keasha (Keisha) Hayes, Monique Hayes and Erica Hayes (Jm. of Part. Dis. 6/26/90); Automotive Casualty Insurance Company (Cross Claim Pl. 7/20/90); the Louisiana Insurance Guaranty Assoc. (Cross Claim Pl. 11/2/90) (Jm. of Dismissal filed & signed 1/14/91), Plaintiffs-Appellees-Appellant-Louis Hayes, Jr.,
v.
Ramona Ann RICHARD and Allstate Insurance Company (Both are Cross Claim Defs. in Cross Claims of 7/20/90 & 11/2/90) (Jm. of Part. Dis. 6/26/90 of Pls.) (Jm. of Dis. 11/20/90 of Pl.) (Jm. of Dis. 1/14/91 La. Ins. Cross Claim); Automotive Casualty Insurance Company & Louisiana Insurance Guaranty Association (3rd Sup. & Amend. Pet. of Louis Hayes 6/25/90), Defendants-Appellees.
No. 92-601.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1994.
*1385 Janet Kay Culpepper, Lafayette, for Margaret Hayes et al.
Preston D. Cloyd, Lafayette, for Louisiana Ins. Guar. Ass'n.
Michael J. Breaux, Lafayette, Steven Alfred Queyrouze, New Orleans, for Automotive Cas.
Before DOUCET, YELVERTON and SAUNDERS, JJ.
*1386 DOUCET, Judge.
This appeal arises from a personal injury action.
On June 28, 1989, plaintiff, Louis Hayes, along with his wife and children, were traveling southward on Moss Street in Lafayette, Louisiana, when they were struck from behind by a vehicle owned and operated by Ramona Richard. The plaintiff's vehicle was pushed forward and collided with a third vehicle. Suit was filed by Louis Hayes and his wife against Ramona Richard and her insurer, Allstate Insurance Company (Allstate). Allstate settled with all the plaintiffs.
Louis Hayes also sued Automotive Casualty Insurance Company (Automotive Casualty), and Louisiana Insurance Guaranty Association (LIGA), as successor to Champion Insurance Company, seeking payments under policies from both companies for underinsured motorist and medical payment coverage. At trial it was stipulated that Mr. Hayes received $100,000 from Allstate in settlement of his claims against it, and that the accident was caused by Ramona Richard. The trial court found the plaintiff's neck and jaw problems were not caused by the accident. The trial court did find plaintiff's hand and arm problem and back injury were caused by the accident. However, because the general and special damage award did not exceed $100,000, it found the plaintiff was not entitled to recover from the defendants for personal injuries. It further found Automotive Casualty's coverage under its medical payment provision was excess coverage. Plaintiff appeals.

CAUSATION
Plaintiff, Mr. Hayes, argues the trial court erred in finding he did not establish a causal connection between his neck and jaw problems and the accident.
Mr. Hayes was first evaluated by a dentist on July 26, 1990, 13 months after the accident at issue occurred. The dentist, Dr. Witherspoon, testified he examined and treated Mr. Hayes for orthodontic problems. He stated he treated Mr. Hayes's temporomandibular joint (TMJ) problem without assigning a definite diagnosis to it. Dr. Witherspoon explained he did not keep thorough records in this case. Dr. Witherspoon's diagnostic tools consisted of a general questionnaire and a digital exam. The digital exam revealed distalization of the mandibular condyle, especially on the left side, which pre-existed the June 1989 accident. He could not attest to disc displacement. The questionnaire showed Mr. Hayes complained of headaches, earaches, neck stiffness, and difficulty sleeping. Dr. Witherspoon testified his opinion that Mr. Hayes's TMJ problems were causally related to the June 1989 accident was based on Mr. Hayes's statement that the symptoms occurred since the accident. Dr. Witherspoon also testified he would expect TMJ symptoms to manifest themselves within the first week to first month following an accident.
In a personal injury case, the plaintiff bears the burden of proving the existence of injuries and a causal connection between them and the accident. The test is whether plaintiff has shown through medical testimony that more probably than not the subsequent medical treatment was necessitated by the trauma suffered in the accident. Petersen v. State Farm Auto Ins. Co., 543 So.2d 109 (La.App. 3 Cir.1989), writ den., 546 So.2d 1223 (La.1989); Aucoin v. State Farm Mut. Auto Ins. Co., 505 So.2d 993 (La.App. 3 Cir.1987); Wells v. Allstate Ins. Co., 510 So.2d 763 (La.App. 1 Cir. 1987).
Jaffarzad v. Jones Truck Lines, Inc., 561 So.2d 144, 156 (La.App. 3 Cir.), writ denied, 565 So.2d 450 (La.1990). After reviewing the medical testimony pertaining to plaintiff's TMJ problems, we find the trial court did not err. The evidence failed to sufficiently support a finding that this injury was caused or aggravated by the accident. Inasmuch as plaintiff did not show a causal connection between the accident and the TMJ problem, we need not address plaintiff's allegation that the trial court erred in failing to award damages for the TMJ injury.

QUANTUM
Plaintiff argues the trial court abused its discretion in awarding inadequate damages *1387 for the accident-related injuries. On the issue of damages, the trial court found as follows:
As to the issue of damages, Mr. Hayes claims that the accident caused problems in his right hand and arm, his left hand, his lower back and his neck. Additionally, Mr. Hayes developed problems with his ears and jaws. Mr. Hayes' medical expenses as of the date of trial totalled Fifteen Thousand Nine Hundred Sixty-four and 60/100 ($15,964.60) Dollars.
Mr. Hayes' hand and arm problems relate to aggravation of preexisting carpal tunnel syndrome on the left arm, and development of the same on the right arm. The Court finds, from the medical evidence, that the accident did, in fact, cause these injuries.
The Court further finds that the plaintiff suffered a serious back injury, resulting in a herniated disc, as a result of the accident. Mr. Hayes ultimately underwent disc surgery after conservative treatment failed to give him relief. The surgery, involved a puncture wound under a local anesthetic, as opposed to the more formal laminectomy. The procedure was successful.
* * * * * *
Considering the accident related injuries, the Court awards plaintiff medical expenses totalling Thirteen Thousand Four Hundred Sixty-four and 60/100 ($13,464.60) Dollars ($15,964.60 less $2,500 to Dr. Roy). The Court also awards plaintiff lost earnings of Six thousand four Hundred Seventy-nine and 50/100 ($6,479.50) Dollars. The Court feels an award of Sixty Thousand ($60,000) Dollars in general damages will adequately compensation plaintiff for his accident related injuries.
The evidence shows Louis Hayes, at 37 years of age, underwent a surgical procedure known as an automated percutaneous diskectomy (APD) for a small herniated disc on August 20, 1990. Mr. Hayes was able to avoid a formal laminectomy utilized in cases with large, extruding discs. The APD is the least invasive of surgical procedures, requiring only a stab wound. A local anesthetic is used. There is no dissection of muscle tissue or bone removal. The procedure is performed on an outpatient basis and takes approximately 45 minutes. Mr. Hayes's neurological symptoms were resolved by the procedure. He was released four months after the surgery and able to return to his regular work activity.
The evidence shows Mr. Hayes's treating physician, Dr. Blanda, found symptoms compatible with bilateral carpal tunnel syndrome upon his initial examination. Dr. Blanda ordered nerve conduction studies. However, it appears the tests were never done. Dr. Blanda's records reflect he did not document any complaints relative to the carpal tunnel injury and determined treatment was not necessary.
Before a court of appeal can disturb a quantum award, the record must clearly reveal that the trier of fact abused its discretion in making the award; only after finding that the record supports that the lower court abused its much discretion can an appellate court disturb the award and then only to the extent of lowering it or raising it to highest or lowest point which is reasonably within the discretion afforded that court. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Prior awards under similar circumstances serve only as a general guide. The true question is whether the present award is greatly disproportionate to the mass of past awards for truly similar injuries. Reck v. Stevens, 373 So.2d 498 (La.1979).
Cradeur v. State Through DOTD, 607 So.2d 1050, 1055 (La.App. 3 Cir.1992).
Under these facts, we find the award adequately compensates Mr. Hayes for his accident-related injuries. Accordingly, we find the trial court did not err in this regard.

COVERAGE
Plaintiff argues the trial court erred in failing to find that Automotive Casualty and LIGA (as successor to Champion Insurance Company) owe additional sums pursuant to their medical payment policy provisions. *1388 Plaintiff's allegation rests upon the proposition that because the damages exceed the $100,000.00 received by him from Allstate, he is entitled to collect the medical payment amounts reimbursed to the defendants by Allstate. Considering the foregoing determination that the present award of $79,944.10 adequately compensated Mr. Hayes, this allegation is moot.

PENALTIES
Plaintiff additionally argues the trial court erred in failing to assess penalties against Automotive Casualty for its refusal to pay the remaining balance ($11.33) due under its medical payment provision of its policy. The following facts are undisputed. The medical payment coverage was limited to $1,000. Automotive Casualty made $988.67 in medical payments to Mr. Hayes. Automotive Casualty refused to pay the balance when Mr. Hayes submitted additional bills after it discovered he had become covered under a health insurance policy through his employer. In denying coverage, the trial court determined defendant's coverage was clearly excess over any other coverage. It also found Automotive Casualty's refusal to pay the medical expenses was not arbitrary or capricious.
In denying coverage, defendant relied on the following policy provision as follows:
We will pay reasonable expenses incurred for necessary medical and funeral services because of bodily injury;
. . . . .
OTHER INSURANCEThis insurance is excess over any health or accident insurance you now carry.
The general rule in construing the language of an exclusionary clause in an insurance policy is aptly stated in Sanders v. Home Indem. Ins. Co., 594 So.2d 1345 (La.App. 3 Cir.1991), writ denied, 598 So.2d 377 (La. 1992) as follows:
... exclusionary clauses are to be narrowly construed against the insurer and in favor of coverage. La.C.C. art. 2056; Capital Bank & Trust Company v. Equitable Life Assurance Society of the United States, 542 So.2d 494 (La.1989), rehearing den., 542 So.2d 494 (La.1989). The ambiguity or contradiction which exists in the language of a contract must be construed against the party who prepared the contract. Kenner Industries, Inc. v. Sewell Plastics, Inc., 451 So.2d 557 (La.1984).
Sanders, supra, at 1353. We find the exclusionary language in this policy of insurance is ambiguous. Therefore, there was coverage for Mr. Hayes under this provision. Inasmuch as the trial court award does not exceed $100,000, plaintiff is not entitled to recovery. However, we disagree with plaintiff's contention that the defendant's refusal to pay was clearly unwarranted, entitling plaintiff to penalties.
As stated by this court in Cameron State Bank v. American Employers' Insurance Company, 401 So.2d 1090 (La. App. 3rd Cir.1981):
"A trial court's conclusion with regard to assessment of penalties and attorney's fees under LSA-R.S. 22:658 is in part a factual determination. It should not be disturbed in the absence of a finding that it is manifestly in error. Carter v. American Mutual Liability Insurance Company, 386 So.2d 1072 (La.App. 3rd Cir.1980) and Cullivan v. Fish Engineering and Construction Company, Inc., 354 So.2d 597 (La.App. 3rd Cir.1977)."
* * * * * *
Where an insurer's interpretation of its policy is reasonable and not contrary to any existing jurisprudence, the denial of a claim is not arbitrary so as to require the imposition of penalties and the insurer has a right to a judicial determination of the issues. While a court may disagree with the interpretation the insurer places upon its policy, its actions in refusing to pay should not necessarily subject it to the penalty provisions of the statute. See Graham v. Equity National Life Insurance Company, 373 So.2d 988 (La.App. 3rd Cir.1979), writ denied 376 So.2d 319, 320 (La.1979). *1389 Stewart v. Louisiana Farm Bur. Mut. Ins. Co., 420 So.2d 1217, 1220 (La.App. 3 Cir. 1982).
Plaintiff cites no cases interpreting the policy language at issue. While we disagree with Automotive Casualty's interpretation of its policy, we find the interpretation is not unreasonable. Thus, the trial court's determination that the defendant was not arbitrary or capricious is not in error.
Plaintiff additionally argues the trial court erred in failing to assess penalties under LSA-R.S. 22:658 or LSA-R.S. 22:1220 against Automotive Casualty for its refusal to pay sums due under the uninsured motorist policy provision. A plaintiff seeking penalties pursuant to LSA-R.S. 22:658 has the burden of showing that the insurer was arbitrary and capricious in failing to unconditionally tender the reasonable amount of damages due within 60 days after receipt of satisfactory proof of loss. Where an insured has shown the insurer will be liable for some general damages, the insurer must tender the reasonable amount which is due. McDill v. Utica Mutual Insurance Company, 475 So.2d 1085 (La.1985). The amount which is due would be a figure over which reasonable minds could not differ. McDill, supra, at 1092; Jackson v. Moore, 517 So.2d 879 (La. App. 3 Cir.1987). Under the facts of this case, we find plaintiff did not satisfactorily prove his loss because Mr. Hayes failed to show that Allstate was underinsured by an amount over which reasonable minds could not differ. Plaintiff in this case suffered from a small herniated disc, carpal tunnel injuries, and TMJ problems. His medical expense claims totaled only $15,964.60, and his lost wages claim totaled only $6,479.50. As previously stated, plaintiff received $100,000 prior to trial from Allstate as the liability insurer of the tortfeasor. The trial court awarded plaintiff the sum of $79,944.10 for all damages. We find, as did the trial court, plaintiff is not entitled to penalties and attorney's fees under LSA-R.S. 22:658.
A plaintiff seeking penalties under LSA-R.S. 22:1220 has the burden of proving that the insurer arbitrarily and capriciously breached its duty of good faith and fair dealing by failing to pay the amount of any claim due within 60 days of its receipt of satisfactory proof of loss. LSA-R.S. 22:1220(A), (B)(5), and (C). For the reasons stated above, plaintiff failed to satisfactorily prove his loss and thus, is not entitled to penalties.
For the foregoing reasons, the trial court judgment rendered in favor of the defendants is affirmed. Costs of this appeal are assessed against the plaintiff.
AFFIRMED.
SAUNDERS, J., dissents and assigns reasons.
SAUNDERS, Judge, dissenting in part.
I feel the trial court abused its discretion in awarding inadequate damages. I would increase the general damage award from $60,000.00 to $100,000.00.
In all other respects, I agree with the majority opinion.