ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, SECOND CIRCUIT, PARISH OF OUACHITA
Writ denied.
In this writ application, the trial court granted a Judgment Notwithstanding the Verdict on the issue of whether the defendant insurer acted unreasonably, arbitrarily and capriciously in handling the Plaintiffs' homeowner's claim.
In Davis v. Wal-Mart Stores, Inc ., 2000-0445, pp. 4-5 (La. 11/28/00), 774 So.2d 84, 89 (citations omitted), this court discussed motions for judgment notwithstanding the verdict:
A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. In making this determination, the court should not evaluate the credibility of the witnesses and all reasonable inferences or factual questions should be resolved in favor of the non-moving party.
The standard of review for a JNOV on appeal is a two part inquiry. In reviewing a JNOV, the appellate court must first determine if the trial court erred in granting the JNOV. This is done by using the aforementioned criteria just as the trial judge does in deciding whether or not to grant the motion. After determining that the trial court correctly applied its standard of review as to the *575 jury verdict, the appellate court reviews the JNOV using the manifest error standard of review.
Three experts testified in this case resulting in differing opinions as to the cracked foundation and the fallen tree. There were definitely two permissible views of the evidence; thus, the jury's decision cannot be deemed to have been clearly erroneous or that there was manifest error. It cannot be said that reasonable jurors could not have arrived at a contrary verdict. The trial court simply substituted its judgment for that of the jury, which is impermissible. I would reverse the lower courts and reinstate the jury verdict.