# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-209

ESTATE OF JOHN F. MUNSTERMAN and
MARIE S. MUNSTERMAN

VERSUS

UNITRIN AUTO & HOME INSURANCE COMPANY

**********

APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES, NO. 142,847
HONORABLE RICHARD E. STARLING, JR.,
CITY COURT JUDGE

**********

## PHYLLIS M. KEATY
## JUDGE

**********

Court composed of Billy H. Ezell, Phyllis M. Keaty, and D. Kent Savoie, Judges.

**AFFIRMED.**

Sidney W. Degan, III
Travis L. Bourgeois
Karl H. Schmid
Degan, Blanchard & Nash
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
(504) 529-3333
Counsel for Defendant/Appellant:
        Unitrin Auto & Home Insurance Company

William M. Ford
Susan F. Fiser
The Ford Law Firm
1630 Metro Drive
Alexandria, Louisiana 71301
(318) 442-8899
Counsel for Plaintiffs/Appellees:
        John W. Munsterman, Independent Executor of the
        Estate of John F. Munsterman
        Marie S. Munsterman

**KEATY, Judge.**

Appellant seeks review of the trial court's judgment granting Appellees' claim for property damage coverage under an insurance policy. For the following reasons, the trial court's judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

This insurance coverage issue arises from a fire, windstorm, and extended coverage insurance policy regarding a house located at 4304 Wellington Boulevard in Alexandria, Louisiana. The policy was purchased by John W. Munsterman, as the executor of the estate of his deceased father, John F. Munsterman, to provide coverage to a home that is occupied by his father's elderly widow, Marie S. Munsterman. The policy was issued by Unitrin Auto & Home Insurance Company and provided coverage from February 4, 2017 through February 4, 2018. On April 2, 2017, a hail storm occurred and damaged the roof. The damaged roof was not discovered by the executor until July 8, 2018. At that time, a notice of loss was reported to Unitrin. Unitrin's policy contains an exclusionary clause and a notice provision, both of which require that a notice of loss be reported within 365 days of its occurrence. On August 27, 2018, Unitrin denied the claim because it did not receive notice of loss before April 2, 2018, i.e., within 365 days of the hail storm on April 2, 2017.

On January 10, 2019, the Estate and Ms. Munsterman (hereinafter collectively referred to as "the Estate") filed a suit for coverage under the policy. Therein, the Estate sought $20,868.00 for the cost of replacing the roof, along with penalties, attorney fees, and court costs. Unitrin filed an answer. Unitrin subsequently filed a motion for summary judgment, arguing that the policy does not provide coverage for the claims asserted by the Estate because it reported the loss more than 365 days after the date of loss. Unitrin's motion for summary judgment was heard on

September 13, 2019, after which the trial court took the matter under advisement. On October 30, 2019, the trial court denied Unitrin's motion for summary judgment with respect to coverage. However, it granted Unitrin's partial motion for summary judgment dismissing the Estate's other "bad faith" claims. Unitrin's subsequent Application for Supervisory Writs seeking a reversal of the trial court's denial of its motion for summary judgment was denied by this court in *Estate of John S. Munsterman v. Unitrin Auto & Home Insurance Co.*, 19-760 (La.App. 3 Cir. 12/2/19) (unpublished writ).

This matter proceeded to trial on December 11 and 19, 2019. On January 3, 2020, the trial court entered a judgment in favor of the Estate and against Unitrin for $20,868.00, plus legal interest from date of judicial demand until paid, and for all court costs. Unitrin appealed and filed an appellant brief. In response to Unitrin's appeal, the Estate filed an answer and appellee brief. Unitrin filed a reply brief and response to the Estate's answer.

On appeal, Unitrin asserts the following assignments of error:

1. The trial court erred in granting judgment in favor of the Estate.

2. The trial court erred in finding that the Unitrin policy provides coverage for the claim and damages asserted in this lawsuit.

3. The trial court erred in denying summary judgment.

## STANDARD OF REVIEW

"Interpretation of an insurance policy is a question of law[.]" *Hardie v. Prof'l Physical Rehab. Hosp., LLC*, p. 2 (La.App. 3 Cir. 9/29/04), 883 So.2d 510, 512. Questions of law are reviewed under the de novo standard of review. *Boes Iron Works, Inc. v. Gee Cee Grp., Inc.*, 16-207 (La.App. 4 Cir. 11/16/16), 206 So.3d 938, *writ denied*, 17-40 (La. 2/10/17), 216 So.3d 45.

2

## DISCUSSION

**I.   Assignments or Error**

Unitrin's three assignments of error address the same issue, i.e., the validity of an exclusionary clause and condition in a contract which provides a one-year limitation from the date of loss within which the notice of loss must be reported to the insurer, in light of statutory authority which extends the time to assert a right of action against the insurer to two years from the date of loss. In its judgment, the trial court found that coverage exists pursuant to statutory authority despite the policy language which excludes coverage for claims where the notice of loss is made more than 365 days after the date of loss. The policy language at issue provides:

SECTION I - EXCLUSIONS

. . . .

The following Paragraph 3. is added:

3.    In case of a loss to covered property, we will not provide coverage under this policy unless your notice of loss is received by us no later than 365 days after the date of the loss.

SECTION I - CONDITIONS

2.    Your Duties After Loss

The lead-in sentence is replaced by the following:

In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. You or an "insured" seeking coverage are responsible for the following duties:

Paragraph 2.a. is replaced by the following:

2.a.   Give prompt notice to us or our agent. However, if a loss is reported to us more than 365 days after the date of the loss, even if the delay in notice is not prejudicial to us, coverage is excluded as stated under Section I – Exclusions[.]

3

Unitrin maintains that the foregoing policy provisions were not complied with because the Estate reported the loss more than 365 days after the date of loss. As such, Unitrin contends the trial court should have found that coverage for the Estate's damage was excluded under the policy.

According to the evidence in the record, the policy provided coverage from February 4, 2017 through February 4, 2018. On April 2, 2017, a hail storm occurred and damaged the roof. It is undisputed that the loss occurred during the period of coverage. The damaged roof was not discovered by the executor until July 8, 2018, at which time the loss was immediately reported to Unitrin. This delay in reporting the loss, according to Munsterman's testimony, arose because the homeowner is elderly and was unaware of the hail damage to the roof. Unitrin denied the claim because it did not receive notice of the loss before April 2, 2018, i.e., within 365 days of the date of loss as required in the policy. Evidence reveals that the roof was repaired during the policy period. In light of the foregoing, we must determine whether the insurance policy provides coverage or whether an exclusion prohibits it.

"An insurance policy is an agreement between the parties and should be interpreted by using ordinary contract principles." *Smith v. Matthews*, 611 So.2d 1377, 1379 (La.1993). "If the language in an insurance contract is clear and unambiguous, the agreement must be enforced as written." *Dunn v. Potomac Ins. Co. of Ill.*, 94-2202, p. 6 (La.App. 1 Cir. 6/23/95), 657 So.2d 660, 663. The "courts should not strain to find ambiguity where none exists." *Strickland v. State Farm Ins. Cos.*, 607 So.2d 769, 772 (La.App. 1 Cir. 1992). However, if there is any doubt or ambiguity as to the meaning of a provision in an insurance policy, it must be construed in favor of the insured and against the insurer. *Kirby v. Ashford*, 15-1852 (La.App. 1 Cir. 12/22/16), 208 So.3d 932. "When the ambiguity relates to an exclusionary clause, the law requires that the contract be interpreted liberally in

4

favor of coverage." *Borden, Inc. v. Howard Trucking Co., Inc.*, 454 So.2d 1081, 1086 (La.1983). "Whether a contract is ambiguous or not is a question of law." *Strickland*, 607 So.2d at 772.

An insurer has the burden of proving that a loss falls within a policy exclusion. *La. Maint. Servs., Inc. v. Certain Underwriters at Lloyd's of London*, 616 So.2d 1250 (La.1993). Additionally, in determining whether an exclusion applies to preclude coverage, courts are guided by the well-recognized rule that an exclusionary clause in an insurance policy must be strictly construed. *Calogero v. Safeway Ins. Co. of La.*, 99-1625 (La. 1/19/00), 753 So.2d 170. Nonetheless, "an insurance policy, including its exclusions, should not be interpreted in an unreasonable or strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion." *N. Am. Treatment Sys., Inc. v. Scottsdale Ins. Co.*, 05-81, p. 20 (La.App. 1 Cir. 8/23/06), 943 So.2d 429, 443, *writs denied*, 06-2918, 06-2803 (La. 2/16/07), 949 So.2d 423, 424. "In the ***absence*** of a statutory prohibition, a clause in an insurance policy fixing a reasonable time to institute suit is valid." *Taranto v. La. Citizens Prop. Ins. Corp.*, 10-105, p. 8 (La. 3/15/11), 62 So.3d 721, 728.

In this case, the policy language clearly and unambiguously excludes coverage for a loss if the notice of loss is made more than 365 days after the date of loss. Thus, at first glance, it seems the Estate would be excluded from coverage because the loss was discovered and reported more than 365 days after the date of loss. However, in 2007, the Legislature enacted La.R.S. 22:868(B), which extends the time in which a right of action can be made to two years after the inception of the loss. Specifically, La.R.S. 22:868 (emphasis added) provides in pertinent part:

> B. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any health and accident policy insuring a resident of this

5

state regardless of where made or delivered, shall contain any **condition, stipulation, or agreement limiting right of action against the insurer to a period of less than twenty-four months next after the inception of the loss** when the claim is a first-party claim, as defined in R.S. 22:1692, and arises under any insurance classified and defined in R.S. 22:47(6), (10), (11), (12), (13), (15), and (19) or to a period of less than one year from the time when the cause of action accrues in connection with all other insurances unless otherwise specifically provided in this Code.

C.     Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.

In this case, the statutory authority in La.R.S. 22:868(B), which extends the time to assert a right of action against the insured to two years, invalidates the clause and condition in the policy at issue which limits the time to file a notice of loss to one year. Moreover, the voided provisions in the policy at issue do not affect the validity of the other provisions of the contract. Accordingly, the trial court correctly determined that the Estate was entitled to coverage under the policy.

Unitrin claims that La.R.S. 22:868 applies only to limitations regarding the time or right to file a lawsuit. Unitrin asserts that the statute does not apply to other conditions in a policy, such as the one-year time period to assert a notice of loss, which must be satisfied first and before coverage can attach under the policy. In support, Unitrin cites *Hood v. Cotter*, 08-215, 08-237 (La. 12/2/08), 5 So.3d 819. In *Hood*, *Id*. at 825 (quoting *Livingston Parish School Board v. Fireman's Fund American Insurance Co.*, 282 So.2d 478 (La.1973)), the Louisiana Supreme Court explained: "'*Where a policy unambiguously and clearly limits coverage to acts discovered and reported during the policy term, such limitation of liability is not per se impermissible*.'" The *Hood* court noted, however, that the foregoing is applicable to claims made policies rather than occurrence made policies. The supreme court explained:

6

The major distinction between the "occurrence" policy and the "claims made" policy constitutes the difference between the peril insured. In the "occurrence" policy, the peril insured is the "occurrence" itself. Once the "occurrence" takes place, coverage attaches even though the claim may not be made for some time thereafter. While in the "claims made" policy, it is the making of the claim which is the event and peril being insured and, subject to policy language, regardless of when the occurrence took place.

*Id.* at 826-27 (quoting *Anderson v. Ichinose*, 98-2157 (La. 9/8/99), 760 So.2d 302).

In this case, the trial court correctly found Unitrin's reliance on *Hood* was misplaced because *Hood* involved a claims made policy whereas the instant policy involves an occurrence policy. The policy at issue is an occurrence policy because the peril insured, i.e., hail, is the occurrence itself. Once the occurrence takes place, coverage attaches even though the claim may not be made for some time thereafter. Thus, the limitation of liability applicable to a claims made policy does not apply to the instant occurrence policy.

On the other hand, we find that the reasoning in *Shreve v. State Farm Fire & Casualty Co.*, 52,032 (La.App. 2 Cir. 5/23/18), 247 So.3d 1175, *writ denied*, 18-1058 (La. 10/29/18), 255 So.3d 574, is instructive with respect to this assignment of error and our discussion below regarding bad faith damages. In *Shreve*, the second circuit noted that although the insurer premised its motion for summary judgment on a void policy provision that limited the time for the insureds to bring their action to one year, the insureds pointed out that the insurer could not reduce the insureds' time to file suit to a period of less than two years.

In accordance with the reasoning in *Shreve*, 247 So.3d 1175, and La.R.S. 22:868, we find that Unitrin's denial is based upon void policy provisions. These policy provisions are void because Unitrin relied on them to reduce the Estate's time to assert a right of action to one year in contravention to the two years allowed under La.R.S. 22:868. Accordingly, Unitrin's assignments of error are without merit.

## II. Answer to Appeal

In response to Unitrin's appeal, the Estate filed an answer. In its answer and appellee brief, it seeks penalties for Unitrin's alleged breach of duty of good faith and fair dealing by misleading the Estate as to the applicable prescriptive period in violation of La.R.S. 22:1973, which provides:

> A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
>
> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:
>
> . . . .
>
> (4) Misleading a claimant as to the applicable prescriptive period.
>
> . . . .
>
> C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

The Estate is also seeking penalties, attorney fees, and costs for Unitrin's arbitrary and capricious conduct in failing to pay the claim within thirty days after the Estate's proof of loss. In support, it cites La.R.S. 22:1892, which provides:

> A. (1) All insurers issuing any type of contract . . . shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. . . .
>
> . . . .
>
> B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or

8

failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4) of this Section, respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2) of this Section when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

Louisiana jurisprudence provides that La.R.S. 22:1892[1] and La.R.S. 22:1973[2] are "penal in nature and must be strictly construed." *Reed v. State Farm Mut. Auto. Ins. Co.*, 03-107, p. 13 (La. 10/21/03), 857 So.2d 1012, 1020. The *Reed* court explained:

One who claims entitlement to penalties and attorney fees has the burden of proving the insurer received satisfactory proof of loss as a predicate to a showing that the insurer was arbitrary, capricious, or without probable cause. . . . The sanctions of penalties and attorney fees are not assessed unless a plaintiff's proof is clear that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay. The statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense. Especially when there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist.

Both [La.R.S. 22:1973] and [La.R.S. 22:1892] require proof that the insurer was "arbitrary, capricious, or without probable cause," a phrase that is synonymous with "vexatious." This court has noted that "vexatious refusal to pay" means unjustified, without reasonable or probable cause or excuse. Both phrases describe an insurer whose willful refusal of a claim is not based on a good-faith defense.

Whether or not a refusal to pay is arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of its action, . . . Because the question is essentially a factual issue, the

---

[1] La.R.S. 22:1892 is formerly cited as La.R.S. 22:658.

[2] La.R.S. 22:1973 is formerly cited as La.R.S. 22:1220.

9

trial court's finding should not be disturbed on appeal absent manifest error. However, when the record does not support the trial court's determination on this issue, the trial court's decision will be reversed.

*Id.* at 1020-21 (footnote omitted) (citations omitted).

In *Hayes v. Richard*, 634 So.2d 1384, 1388 (La.App. 3 Cir. 3/2/94) (quoting *Cameron State Bank v. American Employers' Insurance Co.*, 401 So.2d 1090 (La.App. 3 Cir. 1981)), this court further explained:

> **Where an insurer's interpretation of its policy is reasonable and not contrary to any existing jurisprudence, the denial of a claim is not arbitrary so as to require the imposition of penalties and the insurer has a right to a judicial determination of the issues. While a court may disagree with the interpretation the insurer places upon its policy, its actions in refusing to pay should not necessarily subject it to the penalty provisions of the statute.**

Our review reveals that the trial court denied penalties and attorney fees on two occasions. The first occasion occurred when it granted Unitrin's alternative motion for partial summary judgment and dismissed the Estate's extracontractual claims. In its reasons for ruling, the trial court stated:

> The court does grant the request for partial summary judgment even though it disagrees on the issue of coverage. There was at least a reasonable argument that coverage may not apply in this case and it appears that the jurisprudence has not addressed the issue directly. Punitive statutes must be strictly construed.

The Estate attempted to reassert its bad faith claims at the instant trial after the closing of its case. The trial court denied reconsidering its prior ruling on penalties and attorney fees. It clarified, however, its previous ruling by stating:

> [T]he law is pretty clear that if there is any reasonable argument to the contrary penalties and attorney's fees are not allowed. It's . . . a punitive claim and when that's the case that court has to . . . have it clearly shown to them that there is a reason to apply [and] to assess penalties and attorney's fees on top of the prior issue. I think my ruling indicated this, if not I'm going to clear it up. . . [P]reviously what I was saying is while I don't agree with the reading of the interpretation of the statute as far as the way Unitrin interpreted [it, t]heir position was it's a time frame, a two-year time to file a suit, not necessarily deal with the time to prove,

to report the loss. And the policy did say [there is] three-hundred-sixty [five] days to report the loss.

. . . . I just didn't believe that it arose to the level that it should be penalty and attorneys' fees. . . . I think the statute was extended to allow people two-years versus one-year to report a claim. I feel like it should have been paid. That's why I ruled like it did. But that's not for penalties necessarily[.]

The evidence at trial included the affidavit of Kelly Trochak. Our review of the affidavit in the record reveals that Trochak is a senior claims manger employed by Kemper Insurance, an authorized representative of Unitrin. She explained that in order to investigate the instant loss, Unitrin conducted a recorded interview of Munsterman on July 20, 2018. She explained that Munsterman confirmed the date of loss was April 2, 2017, which was sixteen months before the date the notice of loss was reported to Unitrin. Trochak revealed that as part of Unitrin's investigation of the loss, it obtained a hail verification report on August 23, 2018, which confirmed that a hail/windstorm event occurred at or near the Estate's property on April 2, 2017. Trochak acknowledged that Unitrin subsequently denied the claim in writing on August 27, 2018, based on the paragraph three exclusion and notice provision in the policy, both of which require that the loss be reported to Unitrin within 365 days of the occurrence.

The record also contains a transcript of the recorded interview discussed by Trochak. The transcript confirms that an interview occurred on July 20, 2018, between Jeff Statler[3] of Kemper Insurance and Munsterman. Statler explained the main issue with providing coverage was that the Estate's notice of loss was more than 365 days after the date of loss in contravention of the policy's exclusionary clause and condition. Statler informed Munsterman that the policy's terms and

---

[3] "Statler" has been spelled "Stiteler" in parts of the record. For clarity, we will refer to him as "Statler" throughout this opinion.

conditions exclude coverage for a loss reported more than 365 days after the date of loss. He expressed the possibility that coverage may not be afforded under the policy. When Munsterman informed Statler about a "two-year prescription period," Statler responded, "I'm not saying it's not covered, I'm just saying that there's a possibility . . . but we're going to review the statute. . . . So if there's something, if we can find coverage, then we'll provide coverage." Statler again stated, "So if there's a statute that overrides it, we will . . . provide coverage."

Unitrin's written denial is also in the record. Therein, Unitrin cites the facts as follows: the original claim was reported to Unitrin on July 11, 2018, with a reported date of loss as April 2, 2017; a hail storm occurred on April 2, 2017; a review of the policy reveals that any loss must be reported to Unitrin within 365 of the date of loss; and, the loss at issue was reported to Unitrin 465 days after the reported date of loss. Unitrin then cited the applicable condition and exclusion and stated: "We regret to inform you that there is no coverage for this loss as the conditions of the policy clearly state that we will not provide coverage under this policy unless your notice of loss is received by us no later than 365 days after the date of loss."

Louisiana jurisprudence is instructive with respect to whether bad faith damages are warranted for an insurer's denial to pay a claim under a policy. In *Shreve*, 247 So.3d 1175, the second circuit affirmed the trial court's judgment that the insurer had a reasonable basis to initially deny, and continue to deny through trial, the insureds' claim. The second circuit explained that the insurer did not mislead the homeowners about the time in which they had to file suit against their insurer for bad faith and to recover for repairs needed following the discovery of a crack in their home's foundation. The appellate court explained that the insurer's alleged misleading could not be a basis to find that the insurer breached its duty of

12

good faith and fair dealing because no time period was mentioned in the claim-denial letter. As explained above, the second circuit noted that although the insurer premised its motion for summary judgment on a void policy provision that limited the time for the insureds to bring their action to one year, the insureds pointed out that the insurer could not reduce the insureds' time to file suit to a period of less than two years. Specifically, the appellate court explained:

> State Farm did not lull the Shreves into a false sense of security by misleading them about the time in which they had to file suit. No time period was even mentioned in the claim denial letter. Moreover, although counsel for State Farm premised its motion for summary judgment on a void policy provision, the Shreves' counsel quickly pointed out in his opposition memorandum that State Farm could not reduce the Shreves' time to file suit to a period of less than two years.

*Id*. at 1190.

We find that the evidence in the record shows that Unitrin had legitimate and reasonable doubts about coverage based upon the applicable notice provision and exclusion. Thus, Unitrin had a reasonable basis to defend the claim and acted in good-faith reliance on that defense. Although the trial court disagreed with the interpretation that Unitrin placed on its policy with respect to the exclusion, its actions in refusing to pay should not necessarily subject it to the penalty provisions of the statutes. *See Hayes*, 634 So.2d 1384. Specifically, Statler did not lull the Estate into a false sense of security by misleading it about the time in which it could file suit. *See Shreve*, 247 So.3d 1175. This is apparent in the recorded conversation when Munsterman stated that there was a two-year time period in which to file a claim and referred to "a two-year prescription period." Moreover, there was no time period mentioned in the claim-denial letter indicating the time within which suit must be filed. Rather, the only time frame mentioned in the denial letter was the time in which a notice of loss must be reported to Unitrin, i.e., within 365 after the date of loss. The foregoing evidence supports the trial court's finding that Unitrin's

handling of the claim was not arbitrary and capricious. As such, the trial court was not manifestly erroneous in declining to award bad faith penalties and attorney fees.

## DECREE

For the foregoing reasons, the trial court's judgment is affirmed. All costs associated with this appeal are assessed to Defendant/Appellant, Unitrin Auto & Home Insurance Company.

**AFFIRMED.**